UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
CORRECTION OFFICERS' BENEVOLENT
ASSOCIATION, Inc.,

                  Plaintiff                  **VERIFIED COMPLAINT**

      -against-                             Case No.

CITY OF NEW YORK,

                  Defendant
-------------------------------------------------------------x

CORRECTION OFFICERS' BENEVOLENT ASSOCIATION, by its attorneys, KOEHLER & ISAACS LLP, as and for a complaint aver and allege as follows:

## INTRODUCTION

1. This civil action is brought by the Correction Officers' Benevolent Associaton ("COBA") to challenge the issuance of an internal "division order" by the Defendant City of New York's Department of Correction. The order pertained to the use and care of canines by the department including the use for searches of visitors to and employees of the department. The order permits the department to both suspend from employment, search and arrest employees when certain circumstances are present stemming from a sniff by a canine. It is COBA's contention that suspension, search and arrest under the circumstances described by the division order are all in violation of applicable laws, specifically, the search and seizure provisions of the New York State and Federal Constitutions as well as the New York Civil Service Law. Finally, the circumstances described by the statute do not give the department authority to arrest because the

1

circumstances, even if true, do not create a violation of the criminal statue which the department claims to be governing. As a result, plaintiff seeks a declaration that the policy is unenforceable and an injunction preventing enforcement.

## PARTIES

2. COBA is a labor union certified under the New York City Collective Bargaining Law to represent the department's Correction Officers in collective bargaining.

3. Defendant City is a municipality in the State of New York.

4. The department is a department of the City of New York responsible for, among other things, managing the City's jail system. The department is organized and exists under Chapter 25 of the Charter of the City of New York.

## JURISDICTION

5. The United States District Court for the Southern District of New York possesses subject matter jurisdiction over this action pursuant to 42 USC § 1983 and under the provisions of the United States Constitution alleged to have be violated by defendant's conduct. Supplemental jurisdiction exists for COBA's state law claims under 28 USC § 1367.

## AS AND FOR A FIRST CAUSE OF ACTION

6. The department issued a division order (as yet unnumbered) ("DO") on June 18, 2015 whose subject is "Investigation Division Canine Operations (K-9)." *See* Exhibit A, annexed hereto.

7. The DO regulates a host of issues involving the department's use of canines to further its functions including recruiting of Correction Officers to serve as canine officers and the selection, certification, training and care of the dogs.

8.     The DO specifically authorizes the use of canines for searches of employees and visitors.

    For employees, the consequences of such a search are spelled out in the DO as follows:

> If the canine alerts the handler to the presence of narcotics or residual oders, the affected subject shall be so informed and advised that he or she will be the subject of a pat frisk and possibly a strip search.

*　　*　　*

> If the pat frisk results in a positive alert of narcotics or any other type of contraband ... [t]he subject will ... be immediately suspended ...

*　　*　　*

> If the initial pat frisk is met with negative results, the canine handler shall bring the ... canine into the search area for an additional passive alert search. If the canine again alerts the handler to the presence of narcotics, residual oders, the effected member shall be so informed and advised that he or she will be the subject of a strip search

*　　*　　*

> In the event that an individual, who is the subject of a positive alert from the ... canine, who then refuses to submit to either a pat frisk and/or strip search of his person and/or property, shall be immediately suspended and subjected to arrest for Obstructing Governmental Administration pursuant to New York State Penal Law § 195.05.

*　　*　　*

> Once a member of the service is arrested for Obstructing Governmental Administration pursuant to New York State Penal Law § 195.05, he or she will be searched pursuant to said arrest.

Exhibit A, annexed hereto, at pp. viii-ix.

9. Thus, under this new policy, based solely on a canine sniff, an employee of the department is subject to suspension, involuntary pat frisk, strip search and arrest.

10. The penal law provision upon which the department claims to have authority to arrest employees under the circumstances set out in the policy provides, in pertinent part, as follows:

> A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act.

11. The circumstances outlined in the DO do not as a matter of law constitute a violation of this penal law provision.

12. As a result, any arrest purported to be pursuant to New York State Penal Law § 195.05 under the circumstances stated in the DO would be a nullity.

### AS AND FOR A SECOND CAUSE OF ACTION

13. Plaintiff repeats and realleges as if set forth herein, the allegations set forth in paragraphs "1" through "12" above

14. The circumstances outlined in the DO do not give rise to probable cause to arrest.

15. As a result, any arrest under the circumstances stated in the DO would be without probable cause in violation of the Fourth Amendment to the United States Constitution and Article I, Section 12 of the New York State Constitution.

### AS AND FOR A THIRD CAUSE OF ACTION

16. Plaintiff repeats and realleges as if set forth herein, the allegations set forth in paragraphs

"1" through "15" above

17. The circumstances outlined in the DO do not give probable cause to search an employee against their will whether in the form of a pat frisk or strip search.

18. As a result, any search conducted under the circumstances stated in the DO would be with neither probable cause nor reasonable suspicion in violation of the Fourth Amendment to the United States Constitution and Article I, Section 12 of the New York State Constitution.

## AS AND FOR A FOURTH CAUSE OF ACTION

19. Plaintiff repeats and realleges as if set forth herein, the allegations set forth in paragraphs "1" through "18" above

20. COBA members are civil servants duly appointed following competitive examination. As such, they are protected from arbitrary dismissal by Section 75 of the New York Civil Service Law.

21. Section 75 requires the presence of misconduct prior to the imposition of discipline, including suspension.

22. The circumstances outlined in the DO do not provide a reasonable basis for concluding that the employee has committed misconduct.

23. Although the employee may be charged with a violation and a hearing pursued, suspension is unwarranted under the circumstances outlined in the DO.

24. As a result, suspension of employees under the circumstances outlined in the DO would be in violation of Section 75.

*Wherefore*, plaintiff requests that the court issue an order declaring the DO to be illegal for the reasons stated above and permanently enjoin the enforcement from enforcement of the DO.

Dated  July 28, 2015
      New York, New York

                         KOEHLER & ISAACS LLP
                         *Counsel for Plaintiffs*
                         61 Broadway - 25th Floor
                         New York, New York 10006
                         (917) 551-1331 (phone)
                         (212) 791-4115 (fax)
                         hwien@koehler-isaacs.com

                         By: *[signature]*
                              Howard Wien

## Verification

Norman Seabrook, being duly sworn, affirms under penalty of perjury that he is an officer of the Correction Officers' Benevolent Association, Inc., that he has read the accompanying Verified Complaint, that he has personal knowledge of the facts set forth therein and that all statements therein are true to the best of his knowledge except for those facts alleged upon information and belief and as to those facts he believes them to be true.

*[signature]*

Norman Seabrook

Sworn to before me this 28th day of July, 2015

*[signature]*

Notary Public

HOWARD WIEN
Notary Public, State of New York
No. 02WI5077405
Qualified in Kings County
Commission Expires May 5, 20 17